UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                       Case No. 14-20178

GREGORY HOWARD,                         HON. AVERN COHN

    Defendant/Petitioner.
_____/

## ORDER DENYING MOTION UNDER 18 U.S.C. § 3568(2) (Doc. 152)

I.

This is a criminal case. Defendant/Petitioner Gregory Howard has filed a motion styled "Motion to Vacate, Set Aside or Correct a Sentence [Jail Time credit] pursuant to 18 U.S.C. § 3568(2)." Defendant asks the Court to "credit" him the time he spent in custody awaiting trial and sentencing, which he says is approximately 10 months. For the reasons that follow, the motion is DENIED.

II.

In 2014, defendant was arrested and charged with conspiracy to distribute controlled substances, in violation of 18 U.S.C. § 846. At the time of his arrest, defendant was on Supervised Release in the Southern District of Ohio in United States v. Gregory Howard, 06-241-cr and 11-208-cr. As a result of the charges in this district, Upon his arrest in this district, his supervised release in these cases was revoked and he received 10 months incarceration in case number 11-208 and 8 months incarceration

in case number 06-241, concurrent to case number 11-208.

On October 10, 2014, defendant plead guilty under a Rule 11 agreement. He was sentenced on April 29, 2015 to 60 months in custody, concurrent to his other federal sentences.

III.

Federal law provides that a federal sentence commences when a defendant is received into federal custody to serve his sentence. See 18 U.S.C. § 3568 (repealed) ("The sentence of imprisonment of any person convicted of an offense [prior to November 1, 1987] shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence"); see also 18 U.S.C. § 3585(a) (replacing § 3568 and providing that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served").

IV.

The crux of defendant's motion is his belief that he should be credited for the approximately 10 months he was in custody awaiting trial and sentencing in this case. The government accurately states why defendant is not entitled to the credit:

> First, he was receiving credit for the time he had been ordered to serve for violating his supervised release in his two previous federal convictions. Second, it is the [Bureau of Prisons] BOP, and not the district court, who has the authority to grant credit for time served.

(Doc. 156 at p. 3).

The government goes in further detail to explain that defendant is not entitled to

2

relief. The government's arguments are incorporated here in full. Importantly, it is the BOP, not the Court, where defendant should look to in requesting a sentencing credit. See United States v. Gibbs, 626 F3d 344, 349 (6th Cir. 2010).

    SO ORDERED.


                                          S/Avern Cohn
                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE

Dated: February 6, 2018
      Detroit, Michigan